## PARTICIPATION OF MATERIAL MEN AND LABORERS UNDER A MECHANICS LIEN.

Circuit Court of Lorain County.

The Cleveland Trust Company v. The Village of Oberlin et al.

Decided, April 26, 1911.

*Mechanic's Lien Law—Filing Sworn Statements with Owner and Coun-ty Recorder—Effect of.*

Where a sub-contractor, material-man, laborer, or mechanic has, within four months from the furnishing of his material or labor, filed his sworn and itemized statement thereof as provided by Section 8324, General Code, and files a copy thereof with the county recorder, as required by Section 8326, General Code. all other sub-contractors, material-men, laborers and mechanics who file their statements within ten days thereafter, as provided by Section 8328, General Code, are thereby let in to participate in the fund, though more than four months have elapsed since their claims accrued.

Henry, J.; Winch, J., and Marvin, J., concur.

Under General Code, Sections 8324 and 8328, relating to mechanics' liens and attested accounts, we hold that where a sub-contractor, material-man, laborer, or mechanic, has, within four months from the furnishing of his material or labor, filed his sworn and itemized statement thereof as provided, by the former section, and files a copy thereof with the county recorder as required by General Code, 8326, all other sub-contractors, material-men, laborers and mechanics, who file their statements

within ten days thereafter, as provided by General Code, 8328, are thereby let in to participate in the fund, though more than four months have elapsed since their claims accrued. The statutes in question, having, as we read them, expressly so provided, we are not at liberty to construe them otherwise.

Under General Code, 8334, the transfer of the avails of his contract, by the head contractor to the plaintiff here, is made subject to valid claims, of the sort above described, upon the fund in the hands of the defendant, and the plaintiff is entitled to nothing until those claims are paid. So also the assignee in insolvency of the head contractor is not entitled to fees, for himself or his counsel out of this fund, for finishing the contract. The assignee's services were not a continuation of the assignor's business, petitioned for and ordered by the court, pursuant to General Code, 11125; and no special allowance therefor in prejudice of the valid claim of the other parties to this action, can be made, under General Code, 11144, out of the avails of said contracts.

A decree may be taken as in the court below.